IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| T.E. and C.E., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHEM BLUE CROSS AND BLUE SHIELD, STOLL KEENON OGDEN PLLC, and STOLL KEENON OGDEN PLLC, BENEFIT PLAN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO TRANSFER VENUE AND DENYING MOTION TO EXTEND DEADLINE TO RESPOND TO COMPLAINT** <br><br> Civil No. 1:22-cv-00010-JNP <br><br> Judge Jill N. Parrish |

Before the court is the parties' Stipulated Motion to Transfer Venue and to Extend Deadline to Respond to Complaint. ECF No. 11. The parties contend that the present action should be transferred to the Western District of Kentucky because the parties have consented to such a transfer and venue in the Western District of Kentucky will be more convenient for the parties and witnesses and promote the interests of justice. The parties also move to extend the deadline for the defendants to respond to the complaint. For the reasons presented herein, the court GRANTS the parties' motion to transfer venue but DENIES the parties' motion to extend the deadline to respond to the complaint.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The decision of whether to transfer an action is within the discretion of the trial court." *Cmty. TV of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1205 (D. Utah 2014). Here, "[t]he parties have stipulated that the action could have been brought in Kentucky," ECF No. 11 ¶ 5, and all parties

have consented to have the case transferred to the Western District of Kentucky. *See id.* In addition, the court concludes that transferring this action to the Western District of Kentucky would prove more convenient to the parties and witnesses and serve the interests of justice. Specifically, plaintiffs T.E. and C.E. "permanently reside in Kentucky (Jefferson County)," *id.* ¶ 9, "Defendant Anthem is a Kentucky company with its principal place of business in Louisville, Kentucky," *id.* ¶ 7, and defendant Stoll Keenon Ogden PLLC "is a Kentucky Professional Limited Liability Company with its principal place of business in Kentucky," *id.* ¶ 8. Therefore, the court GRANTS the parties' motion to transfer venue and ORDERS that the present action be transferred to the United States District Court for the Western District of Kentucky.

In addition, the parties move to extend the deadline by which defendants must respond to the complaint. However, the court declines to issue an order that binds the transferee court and potentially interferes with that court's preferred schedule regarding filings. Thus, the court DENIES the parties' motion to extend the deadline to respond to the complaint. The parties may move for such an extension in the transferee court.

DATED April 14, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge